UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY MOORE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13-cv-134-PPS-RBC |
| | ) |
| J.E.A.N. TEAM TASK FORCE, | ) |
| and MARK STEFANATOS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 action brought by plaintiff Timothy Moore, Jr. in relation to the forfeiture of $1,234.00 in cash stemming from his arrest and subsequent plea of guilty to possession of cocaine. Moore alleges that his rights were violated when cash found on his person during the arrest was seized and ultimately forfeited. Before the Court is the defendants' motion for summary judgment. (Docket Entry 22.) Despite notices from the defendants and the Court about the effects of summary judgment, Moore hasn't responded, repeating what he did in the state forfeiture case. For the reasons set forth below, the defendants' motion will be granted.

## BACKGROUND

On December 2, 2011, Moore was pulled over in Marion, Indiana because his license plates didn't match his vehicle. The traffic officer found marijuana in the vehicle and called defendant Detective Sgt. Mark Stefanatos, a member of the Joint Effort Against Narcotics (J.E.A.N.) Team, to the scene. (Compl. at 2; DE 23 at 2.) After

arresting Moore and transporting him to Grant County Jail, Moore's wallet and a bag of crack cocaine were found on the floor of the police vehicle. At the jail, $1,234.00 in cash and more crack cocaine were found on Moore's person. Stefanatos gave Moore a receipt for the money, seized it as evidence, and turned it over to the Grant County Prosecutor's Office. On December 7, 2011, Moore was charged with one count of possession of cocaine with intent to distribute and one count of possession of marijuana. (DE 23 at 2.)

On March 2, 2012 the State of Indiana and the J.E.A.N. Team Drug Task Force filed a complaint for forfeiture of the $1,234.00 against Moore in the Grant County Superior Court pursuant to Ind. Code 34-4-30.1-1. (DE 24 Ex. 3.) Moore never responded to this complaint. On April 4, 2012, the Grant Superior Court entered a default judgment against Moore ordering forfeiture of the cash. (DE 24 Ex. 5.) The court found that Moore's failure to appear, answer, or otherwise respond to the forfeiture complaint, either personally or by representative, during a period spanning longer than twenty days after receipt warranted entering default judgment against Moore. (DE 24 Ex. 5 at 1.)

On April 26, 2013, Moore filed a complaint with this Court for reimbursement of the $1234.00. (DE 1.) He also requested leave to proceed *in forma pauperis*, which was granted. (DE 2, 3.) The case proceeded, and no discovery or other issues are reflected on the docket. After the discovery deadline the defendants filed a motion for summary judgment. (DE 22.) With their motion for summary judgment the defendants provided the notice to Moore that the Local Rules of this District require when summary

judgment is sought against a self-represented party, which explains summary judgment. (DE 25.) I allowed Moore months to respond, and out of an abundance of caution gave him additional time and an additional warning about the effect of summary judgment. (DE 30.) I have waited another two months, but Moore has been completely silent. I now take up the motion for summary judgment unanswered by Moore, as my previous Order stated I would.

## ANALYSIS

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute about a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court construes "all facts and reasonable inferences from the record in the light most favorable to [ ] the non-moving party." *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 900 (7th Cir. 2005).

Moore's complaint contends that he wants his money reimbursed. He bases this demand on his allegation that he was illegally pulled over and that his money was seized without his signing paperwork.

Defendants claim five grounds for a grant of summary judgment: (1) the District Court lacks jurisdiction due to the *Rooker-Feldman* doctrine; (2) Moore has no claim against Stefanatos; (3) the J.E.A.N. Team task force isn't a suable entity; (4) Moore wasn't denied due process; and (5) in his individual capacity, Stefanatos is entitled to

qualified immunity. The defendants' first argument carries the day because, as it points out, I don't have subject-matter jurisdiction over this case.

The J.E.A.N. Team and Stefanatos contend that this Court lacks jurisdiction on the issue of forfeiture due to the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, district courts don't have subject matter jurisdiction over claims seeking review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see, e.g.*, *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *In re Lodholtz*, No. 14-8015, 2014 U.S. App. LEXIS 19107, at *8 (7th Cir. Oct. 6, 2014). In assessing "the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment . . . ." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the former then district courts have no jurisdiction. The doctrine applies to both claims raised before the state court and claims that are inextricably intertwined with state court actions. "*Rooker-Feldman*, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to

4

the Supreme Court," bypassing the lower federal courts. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

The civil forfeiture proceeding regarding Moore's money brought before the Grant County Superior Court is indeed a proceeding before a state court. That state court proceeding, which Moore didn't bother to participate in, was the direct cause of the forfeiture of Moore's money. What he asks via the current lawsuit is essentially for me to overturn the Indiana forfeiture decision based on the facts of the underlying case. *See, e.g., Van Jackson v. United States*, 427 Fed. Appx. 524, 525 (7th Cir. 2011) (holding *Rooker-Feldman* didn't apply only because federal case was against the United States, which wasn't a party to the state-court forfeiture action); *Warden v. Northwest Bank*, No. 03C501862003 U.S. Dist. LEXIS 21698 (N.D. Ill. Dec. 1, 2003). Thus, Moore's claim is subject to the *Rooker-Feldman* doctrine and should have been challenged in state court — not before this Court. Even giving Moore the benefit of the doubt and assuming his rights were violated by the initial stop, search and seizure, the appropriate remedy would have been the exclusion of the wrongfully seized evidence from court proceedings, here the state forfeiture proceeding. *See, e.g., One 1958 Plymouth Sedan v. Pa.*, 380 U.S. 693, 702 (1965) ("In sum, we conclude that the nature of a forfeiture proceeding . . . and the reasons which led the Court to hold that the exclusionary rule . . . is obligatory upon the States under the Fourteenth Amendment . . . support the conclusion that the exclusionary rule is applicable to forfeiture proceedings such as the

one involved here."). The Defendants' motion for summary judgment is therefore granted.

Moore has not made this argument, but if he believes that the state trial and appellate courts wrongfully denied him the opportunity to contest the forfeiture in accordance with state law, the only federal venue in which he could contest these state court decisions is the Supreme Court of the United States after proceeding in state court as far as state law allows. *Feldman,* 460 U.S. at 482-86; *Rooker,* 263 U.S. at 415-16. There is, however, no indication that he opposed the state forfeiture action at any level of state court (hence the default judgment granting forfeiture).

## CONCLUSION

FOR THE FOREGOING REASONS, Detective Sgt. Mark Stefanatos and the J.E.A.N. TEAM Task Force's Motion for Summary Judgment is **GRANTED** and this matter is dismissed for want of jurisdiction. (DE 22.) The clerk shall **ENTER FINAL JUDGMENT** in favor of Detective Sgt. Mark Stefanatos and the J.E.A.N. TEAM Task Force. The clerk shall treat this civil action as **TERMINATED**. All pending dates and motions in this case are **VACATED**.

**SO ORDERED.**

ENTERED: October 23, 2014

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT